SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for damages against David Clark and his insurer.
On December 11, 1976, plaintiff and his friend, Mark Brink, went to the home of David Clark and his wife, Lori, who was Mark’s sister. Also present at the Clarks’ home was Gene Amersen. The group *1307 painted a room in the house, had dinner, and then proceeded to drink a bottle of tequila, which plaintiff and Mark had brought over, and then a second bottle which they went out and purchased.
As they were seated around the dining room table drinking the tequila, David Clark brought out a replica of an antique gun with balls for ammunition and a plastic container of gun powder. He intended to show the gun to the group and then shoot it outside the house. However, the powder exploded causing plaintiff to sustain injuries.
In his reasons for judgment the trial court observed that all parties involved in this incident were intoxicated at the time of the accident and for that reason he found that both plaintiff and defendant were con-tributorily negligent. The record amply supports the trial judge’s conclusion that all were intoxicated since they all admitted that they were although differing somewhat as to the degree of each one’s intoxication. However, we agree with plaintiff that the fact of his intoxication standing alone does not necessarily bar his recovery. For example, if the record revealed that Clark brought the gun powder to the table where his guests were smoking and there was an instantaneous explosion of the gun powder there would be no basis for a conclusion that plaintiff’s intoxication was a proximate cause of the accident. But this is not the case.
The evidence preponderates to the effect that when David brought the gun and powder to the table, plaintiff and Gene were seated side by side with one or both of them smoking. David was in the process of checking the gun over while plaintiff and Gene proceeded to play with the powder by dropping some on a lighted cigarette causing the powder to fizz. Thereafter, the powder developed a chain reaction with a subsequent explosion. This picture clearly emerges from the testimony of Mark and Lori Clark. She had left the room when David brought the gun out, but returned when she heard the explosion and was told what happened by all of the members of the group just a few moments after she returned.
Plaintiff attempted to make it appear that the testimony of the defendant’s witnesses was concocted on the day after the incident, but this argument is not persuasive. The principal witness against plaintiff was Mark Brink who, by the time of the trial, was rooming with plaintiff. Furthermore, the testimony that the explosion was caused by plaintiff and Gene when they were playing with the gun powder is the most plausible explanation as to how the accident happened. There is no evidence in the record to support the proposition that the gun powder simply exploded spontaneously upon being brought to the table.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.